**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E. & J. GALLO WINERY, doing business as SAN JOAQUIN VALLEY CONCENTRATES; G3 ENTERPRISES, INC. doing business as DELAWARE G3 ENTERPISES, INC.; and MCD TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INSTITUUT VOOR LANDBOUW-EN VISSERIJONDERZOEK; EIGEN VERMOGEN VH INSTITUUT VOOR LANDBOUW-EN VISSERIJONDERZOEK; FLANDERS' FOOD; and DOES 1-10,<br><br>Defendants. | Case No. 1:17-cv-00808-DAD-EPG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY BY PLAINTIFFS PENDING PLAINTIFFS' COMPLIANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE § 2019.210**<br><br>(ECF No. 49) |

## I. INTRODUCTION

On June 15, 2017, E. & J. Gallo Winery, doing business as San Joaquin Valley Concentrates; G3 Enterprises, Inc., doing business as Delaware G3 Enterprises, Inc.; and MCD Technologies, Inc., (collectively, "Plaintiffs" or "Gallo") commenced this action by the filing of a Complaint against Instituut Voor Landbouw-En Visserijonderzoek and Eigen Vermogen VH Instituut Voor Landbouw-En Visserijonderzoek (collectively, "Defendants" or "ILVO").[1] (ECF

---

[1] On November 7, 2017, Plaintiffs voluntarily dismissed their claims against Defendant Flanders' Food. (ECF No. 30.)

No. 1.) Plaintiffs allege, among other things, that Defendants misappropriated trade secrets for a food drying device called the Refractance Window dryer (the "RW dryer"). (ECF No. 1 at 18-20.)

Now before the Court is Defendants' Motion for Protective Order Staying Discovery by Plaintiffs Pending Compliance with California Code of Civil Procedure 2019.210 filed on March 8, 2018. (ECF No. 49.) On April 13, 2018 and May 30, 2018, the Court heard oral arguments on the motion. (ECF Nos.63, 79.)

For the reasons discussed below, and as stated on the record at the May 30, 2018 hearing, (ECF No. 87), Defendants' motion for protective order staying discovery is granted.[2]

## II. BACKGROUND

The motion at issue concerns Cal. Code of Civ. Proc. § 2019.210 regarding the level of particularity for disclosure of trade secrets. Specifically, Section 2019.210 requires "the party alleging the misappropriation [to] identify the trade secret with reasonable particularity." Cal. Civ. Proc. Code § 2019.210.

In their Complaint, Plaintiffs described their trade secrets as "information relating to how to assemble the refractance window dryer's belt, the design of the exhaust system for evacuating water vapor produced during the drying process, the design for recirculating water through the system, designs for belt sanitation, system for dried product removal, system for liquid product feeding, and the design and materials choices for the belt." (ECF No. 1 at 2.)

On September 25, 2017, and October 12, 2017, the parties met and conferred telephonically concerning the issue of Section 2019.210 applicability and compliance. (ECF Nos. 62 at 2, 62-1.) Plaintiffs agreed to comply with the disclosure obligations set forth in Section 2019.210. (ECF No. 62-1.) Specifically, Plaintiffs stated, "We have agreed to apply CCP 2019.210 to the trade secret claims in this case to assist expeditious discovery. . . . We do agree to

---

[2] On October 17, 2017, Defendants filed a motion to dismiss this action for failure to state a claim. (ECF No. 27.) On June 1, 2018, the court (Drozd, J.) dismissed MCD Technologies, Inc.'s claims against Defendants with leave to amend. (ECF No. 86.) The order provided, in relevant part that "the allegations of the complaint in support of the plaintiffs' trade secret misappropriation claim provide defendants with reasonable notice of the issues which must be met at trial as well as reasonable guidance as to the scope of appropriate discovery prior thereto." (*Id.* at 8-9.) The Court has reviewed this order, but it does not change the Court's analysis of the issue before it. Judge Drozd's order addressed a separate issue—the sufficiency of the complaint—and not the issue of full identification of trade secrets in compliance with California Code of Civil Procedure § 2019.210 or the policy behind it.

2

and will serve a CCP 2019.210 statement promptly after service of your answer." (ECF No. 62-1 at 6, 9.)

On December 22, 2017, Defendants served their first set of interrogatories on Plaintiffs. (ECF No. 61 at 2.) Plaintiffs responded to Defendants' interrogatories on January 22, 2018. (ECF No. 62-6.) On February 14, 2018, the parties met and conferred telephonically, during which Plaintiffs asserted that Section 2019.210 is inapplicable and that their interrogatory responses satisfy their disclosure obligations under the Federal Rules of Civil Procedure. (ECF No. 62 at 4.)

On March 2, 2018, Defendants filed a Motion for Protective Order Staying Discovery by Plaintiffs Pending Compliance with California Code of Civil Procedure § 2019.210. (ECF No. 49.) Defendants allege that Plaintiffs reversed their explicit commitment to adhere to Section 2019.210, asserting now that Section 2019.210 is inapplicable in federal court. (ECF No. 59 at 6.) Plaintiffs produced their First Supplemental Objections and Responses to the First Set of Interrogatories on March 16, 2018, (ECF Nos. 62-10 to -12), to which Defendants object as "vague" and "indecipherable." (ECF No. 59 at 14.)

On April 13, 2018, the Court heard arguments on Defendants' motion for a protective order, (ECF No. 49), and issued an order on April 17, 2018, requiring Plaintiffs to supplement their responses to Defendants' Interrogatories 1 and 2 by May 14, 2018. (ECF Nos. 67, 71.) Plaintiffs served supplemental responses to Defendants' Interrogatories 1 and 2 on May 14, 2018, (ECF No. 77-1), and the parties met and conferred telephonically on May 17, 2018. (ECF No. 77 at 3.) On May 21, 2018, Plaintiffs produced revised supplemental statements in response to the meet and confer. (ECF No. 77-2.)

During a hearing held on May 30, 2018, the parties disputed whether Plaintiffs' revised supplemental responses to Defendants' Interrogatories 1 and 2 comply with Section 2019.210. (ECF No. 87.) In the discovery motion now before the Court, Defendants contend that Plaintiffs' trade secret disclosures still fall short of the reasonable particularity requirement in Section 2019.210. (ECF No. 50.) Defendants seek to compel Plaintiffs' compliance with Section 2019.210 prior to taking discovery. (ECF No. 50.)

In opposition, Plaintiffs contend that Section 2019.210 is a state discovery provision

3

superseded by the Federal Rules of Civil Procedure. (ECF No. 59 at 38-40.) Alternatively, Plaintiffs argue that even if Section 2019.210 controls, their responses are sufficiently specific to satisfy the disclosure obligation under the state discovery rule. (*Id.* at 40-43.)

## III. DISCUSSION

### A. Applicability of Section 2019.210

Initially, the parties disagree as to whether application of California Code of Civil Procedure Section 2019.210 applies in this federal case. Under the California Uniform Trade Secret Act ("CUTSA"), a plaintiff asserting misappropriation of trade secrets must comply with the disclosure provision set forth in Section 2019.210 prior to commencing discovery. Specifically, Section 2019.210 provides:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

Cal. Civ. Proc. Code § 2019.210.

Defendants, citing *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 991-92 (S.D. Cal. 1999), contend that Section 2019.210 is a "substantive component of the CUTSA that was enacted by California's legislature specifically to limit the potential for abusive trade secret misappropriation claims," and is thus enforceable in federal court. (ECF No. 59 at 17.) Moreover, Defendants contend that "[a] federal court cannot separate CCP § 2019[.210] from the whole of California's Uniform Trade Secrets Act without frustrating the legislature's legitimate goals and disregarding the purposes of *Erie*." (ECF No. 59 at 17.)

In opposition, Plaintiffs contend that Section 2019.210 is procedural, thus inapplicable in federal proceedings. (*Id.* at 38-40.) Plaintiffs argue, quoting *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, No. CIV. S-06-0533GEBGGH, 2007 WL 273949, at *2 (E.D. Cal. Jan. 29, 2007), that "it is not within the discretion of the district court to willy nilly apply bits and pieces of the discovery civil procedure codes of the various states, even the state in which the district court sits." (*Id.* at 38.)

4

Pursuant to *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996). The distinction between "substance" and "procedure" is not fixed, but depends on the legal context of each case. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). In its choice of law review, the court first determines whether application of the state rule conflicts with any applicable Federal Rule of Civil Procedure. *Id.* If the rules conflict, the federal rule governs. *Id.* Absent any conflict, the court's analysis turns to whether application of the federal rule would significantly affect the outcome of the litigation or encourage forum-shopping. *Id.*

"While the Ninth Circuit has not decided whether Section 2019.210 applies to actions in federal court, district courts within the circuit have reached differing conclusions on the issue." *Social Apps, LLC v. Zynga, Inc.*, No. 4:11–CV–04910 YGR, 2012 WL 2203063, at *1 (N.D. Cal. June 14, 2012). Specifically, district courts are divided on whether Section 2019.210 touches on procedural or substantive matters. *Compare Funcat*, 2007 WL 273949, at *2 (finding that Section 2019.210 is a procedural provision and does not supersede the directly conflicting discovery requirements under Federal Rule of Civil Procedure 26), *AtPac, Inc. v. Aptitude Solutions, Inc.*, No. CV S-10-294 WBS KJM, 2010 WL 11571246, at *1 (E.D. Cal. Sept. 22, 2010) (concluding that Section 2019.210 is inapplicable in federal trade secret actions), *Hilderman v. Enea TekSci, Inc.,* No. 05cv1049 BTM(AJB), 2010 WL 143440, at *2 (S.D. Cal. Jan.8, 2010) (finding that Section 2019.210 conflicts with Rule 26), and *Computer Economics, Inc.*, 50 F.Supp.2d at 988 (holding that Section 2019.210 complements rather than conflicts with federal discovery rules), *Gabriel Technologies Corp. v. Qualcomm Inc.,* No. 08CV1992 AJB (MDD), 2012 WL 849167 at *2 (S.D. Cal. March 13, 2012) (finding that Section 2019.210 should be applied because it does not conflict with any federal rule and avoids undesirable forum shopping), *with Advante International Corp. v. Mintel Learning Technology,* No. C 05-01022 JW (RS), 2006 WL 3371576 (N.D. Cal. Nov.21, 2006) (declining to decide applicability of Section 2019.210 in federal cases but using it as guide), *Excelligence Learning Corp. v. Oriental Trading Co., Inc.,* No. 5:03–CV–4947 JF (RS), 2004 WL 2452834 (N.D. Cal. June 14, 2004) (finding Section

2019.210 not binding, but applying it because there was no parallel trade secret discovery provision in federal discovery rules).

Separate and apart from Section 2019.210, a "district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Dietz v. Bouldin*, ––– U.S. ––––, 136 S.Ct. 1885, 1891(2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). Furthermore, district courts have broad discretion to control the timing and sequence of discovery under Federal Rule of Civil Procedure 26. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). The purpose of discovery is to narrow and clarify the basic issues between the parties and to ascertain the facts or information as to the existence or whereabouts of facts relative to those issues. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Thus, through its wide discretion, district courts can direct the parties to narrow and clarify the issues in the action at an early stage of litigation to further the goal of efficiency for the court and litigants.

After review of the law and circumstances in this case, the Court will require that Plaintiffs identify their trade secrets with reasonable particularity compliant with Section 2019.210. Applying Section 2019.210 here will narrow and clarify the basic issues between the parties, thereby furthering the goal of efficiency for the court and litigants. *See, e.g.*, *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F.Supp.2d 1001, 1017 (E.D. Cal. 2011) (finding that district courts have the inherent power to apply Section 2019.210 to constrain discovery and facilitate case management); *Applied Materials, Inc. v. Advanced Micro—Fabrication Equipment (Shanghai) Co.*, No. C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan.18, 2008) (finding that district courts have inherent discretion to manage discovery by requiring Section 2019.210 compliant trade secret identifications); *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 THE, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007) (finding that "under Federal Rule of Civil Procedure 26(c), and in the inherent discretion of a court to manage its own discovery, a court may sua sponte enter a protective order for good cause shown."). Moreover, Plaintiffs initially agreed to comply with Section 2019.210's reasonable

6

particularity standard. (ECF No. 62-1 at 6, 9.)

Thus, the Court will require compliance with Section 2019.210 in this case.

**B. Reasonable Particularity Requirement**

We now turn to whether Plaintiffs' supplemental interrogatory responses comply with this requirement. Those responses are docket numbers ECF Nos. 62-10 to -12, which have been filed under seal.

*i. Section 2019.210 Reasonable Particularity Standard*

A plaintiff alleging misappropriation of trade secrets is required to produce trade secret disclosures sufficient to "allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits." *Phoenix Technologies, Ltd. V. DeviceVM, Inc.*, 2010 WL 8590525, at *2 (N.D. Cal. Mar. 17, 2010); s*ee also MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir.1993) (holding that a trade secrets plaintiff "must identify the trade secrets and carry the burden of showing that they exist."); *Universal Analytics v. MacNeal–Schwendler Corp.*, 707 F. Supp. 1170, 1177 (C.D. Cal.1989), *aff'd*, 914 F.2d 1256 (9th Cir.1990) (finding that adequate disclosures distinguish trade secrets "from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade") (citation omitted). Further, a trade secrets plaintiff must clearly define its trade secrets before commencing discovery. *AgencySolutions.Com,* 819 F. Supp. 2d at 1015. To meet this requirement, the plaintiff must make two showings: "[f]irst, the plaintiff must clearly identify what the 'thing' is that is alleged to be a trade secret, and second, the plaintiff must be able to clearly articulate why that 'thing' belongs in the legal category of trade secret." *Id.* Upon an adequate disclosure, "the defendant may then use that level of detail to determine the limits of the trade secret by investigating whether the information disclosed is within the public domain . . . or to develop . . . defenses." *Loop AI Labs, Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115 (N.D. Cal. 2016) (citing *Brescia v. Angelin*, 172 Cal.App.4th 133, 147 (2009)).

\\\
\\\

### ii. Defendants' Objection to Plaintiffs' Use of Certain Language in its Responses as Vague

Defendants contend that Plaintiffs' repeated use of the phrases "includes" and "e.g.," to describe alleged trade secrets is vague and falls short of its Section 2019.210 obligation to identify trade secrets with reasonable particularity. (ECF No. 59 at 31; ECF No. 62-10 at 8, 10-11.)

Plaintiffs argue that their discovery responses are detailed, satisfy the disclosure requirements, and provide Defendants sufficient clarity about Plaintiffs' trade secrets. (ECF No. 59 at 40-43, 48-50.)

The use of "catch-all" descriptions such as "including" has been rejected as "so vague and unspecific as to constitute no disclosure at all since Defendants cannot 'ascertain at least the boundaries' of the alleged trade secrets." *Loop AI Labs, Inc.*, 195 F. Supp. 3d at 1116 (quoting *Comp. Econs.*, 50 F. Supp. 2d at 984) (citation omitted in original). Moreover, the Ninth Circuit has held that the use of such "catch-all" language is insufficient "because it does not clearly refer to tangible trade secret material" and renders it unlikely that the district court or any trier of fact would have expertise in discerning is the trade secret. *Imax Corporation v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1167 (1998). Moreover, a defendant cannot be expected to prepare its rebuttal to trade secrets claim without some concrete identification of exactly was misappropriated or incorporated into the defendant's product. *Id.*

Here, Plaintiffs' repeated use of the catch-all phrases "e.g." and "includes," (ECF No. 62-10 at 8, 10-11), is too vague, and thus fails to clearly define the boundaries of each alleged trade secret. Such catch-all language serves as a tactical advantage to allow Plaintiffs expansion of alleged trade secrets at a later time, which the Court does not permit. To satisfy the disclosure provisions set forth in Section 2019.210, Plaintiffs must provide greater specificity avoiding the use of catch-all statements.

Accordingly, Plaintiffs' statements are insufficient and must be supplemented in conformity with the reasonable particularity requirement in Section 2019.210.

### iii. Defendants' Objection to Plaintiffs' Use of Categorical Descriptions as Too Broad and General

Defendants contend that Plaintiffs improperly use categorical descriptions of alleged trade secrets such as "highly confidential business information" without the requisite clarification as to how such "business information" formulates into identifiable trade secrets. (ECF No. 59 at 30.) Moreover, Defendants argue that "[Plaintiffs'] vague description of the components of the compilation could encompass virtually thousands of differing bits of information that Plaintiffs' counsel may later reassemble and identify as they see fit as this case progresses." (*Id.*)

In opposition, Plaintiffs assert that the descriptions of the six enumerated trade secret categories they have set forth are compliant with federal and state discovery provisions. (ECF No. 59 at 42.)

Courts have held that general identifications of trade secret categories fall short of the level of particularity required by Section 2019.210 as they "render it impossible for Defendants to conduct public domain or other research to challenge the alleged secrecy of the information at issue. Instead, Defendants are left to guess at the specifics." *Loop AI Labs,* 195 F. Supp. 3d at 1114-15; *see also Social Apps*, 2012 WL 2203063, at *4 ("A description of the category, or even of the subcategories of information within a category, does not comply with the requirement to identify the actual matter that is claimed to be a trade secret."). Without adequate disclosure of the alleged trade secrets, "[d]efendants cannot reasonably prepare [their] defenses and search for art in the field if the boundaries of the trade secret are so undetermined." *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13–04519 WHA, 2014 WL 1724763, at *3-4 (N.D. Cal. May 1, 2014).

Here, Plaintiffs' repeated references to unarticulated "trade secret information" in its supplemental responses, (ECF No. 62-10 at 10-11), are too broad and fail to clearly articulate the alleged trade secrets. Section 2019.210 mandates a more refined description of each individual component and combination of components purported to be a trade secret prior to commencing discovery on these claims.

Accordingly, Plaintiffs' broad compilation trade secret identifications require greater specificity pursuant to Section 2019.210.

### *iv. Defendants' Objection to Plaintiffs' Reference to Elements and All Combinations of Alleged Trade Secrets as Insufficient*

Defendants takes issue with Plaintiffs' identification of elements along with a claim that each element alone and in combination with other elements constitutes a trade secret. Defendants contend that the total number of trade secrets is not fully known and is also not manageable in one case. (ECF No. 87 at 15-19, 24.)

Plaintiffs contend that their disclosure of compilation trade secrets is consistent with case law. (ECF No. 87 at 8.)

This Court agrees with Defendants that Plaintiffs' disclosure is insufficiently specific. It is worth noting that, at the first hearing, Plaintiffs represented to the Court that they were asserting a total of six trade secrets. (ECF Nos. 71at 5, 87 at 8.) At the second hearing, after Plaintiffs had supplemented their disclosure to supposedly provide more specification, Plaintiffs asserted at least 455 individual and compilation trade secrets within six distinct categories. (ECF No. 87 at 24.) This change demonstrates that Plaintiffs' disclosures are vague and allow Plaintiffs to considerably alter their assertion of trade secrets.

Accordingly, the Court orders Plaintiffs to supplement their disclosures to list out each and every trade secret, even if it includes various combinations. At least the total number of trade secrets asserted will be clear.

This Court will not limit the number of trade secrets at this time. It may very well be that Plaintiffs proposed number is unmanageable and unwieldy, and might be the subject of an appropriate motion by Defendants in the future. But the proper number of trade secrets is not currently before this Court. The specificity of disclosure is.

Thus, Plaintiffs must supplement their statements by clearly listing each distinct trade secret—whether a single element or combination of elements.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiffs' disclosures are not sufficiently specific to satisfy the reasonable particularity requirement pursuant to Section 2019.210. Accordingly, the Court grants Defendants' motion for protective order and stays discovery by Plaintiffs pending their

compliance with Section 2019.210.

Defendants need not respond to discovery requests by Plaintiffs for any information related to misappropriation of trade secrets, but shall proceed with discovery on non-trade secret claims.

The Court orders Plaintiffs to file a disclosure compliant with Section 2019.210 that specifically identifies each alleged trade secret according to the standards set forth above no later than July 13, 2018.[3]

IT IS SO ORDERED.

Dated: **June 18, 2018**  /s/ Elvin P. Gregg
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court incorporates the further guidance given during the May 30, 2018 hearing regarding the scope of this order. ECF No. 79, 87 .