UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, doing business as SAN JOAQUIN VALLEY CONCENTRATES; G3 ENTERPRISES, INC., doing business as DELAWARE G3 ENTERPRISES, INC.; and MCD TECHNOLOGIES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>INSTITUUT VOOR LANDBOUW-ENVISSERIJONDERZOEK; EIGENVERMOGEN VH INSTITUUT VOORLANDBOUW-ENVISSERIJONDERZOEK; FLANDERS'FOOD; and DOES 1-10, <br><br>Defendants. | No. 1:17-cv-00808-DAD-EPG <br><br><u>ORDER REQUIRING FURTHER BRIEFING REGARDING DEFENDANTS' REQUEST TO SEAL</u> <br><br>(Doc. No. 102) |

On July 23, 2018, defendants moved to dismiss the first amended complaint. (Doc. No. 104.) In conjunction with that motion, defendants filed a notice of a request to seal documents pursuant to Local Rule 141. (Doc. No. 102.) Having considered defendants' submissions, the court finds that it requires further briefing prior to ruling on the request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1]
"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

/////

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

This request to seal is governed by the "compelling reasons" standard, because a motion to dismiss is undoubtedly a dispositive motion. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Having examined all the information before it,

the court is presently unable to conclude that compelling reasons exist which would warrant the redactions proposed by defendants.  Certainly, protecting trade secrets and other confidential business information can be a compelling reason to seal certain materials.  *See Kamakana*, 447 F.3d at 1179.  However, it is not obvious to the undersigned that the redacted passages of defendant's motion to dismiss are confidential.  Defendants themselves take no position on this issue, and plaintiffs have filed no memoranda in support of the request, leaving the court with only limited guidance.  (*See* Doc. No. 102 at 2) ("[D]efendants have filed the Request to Seal at the request of plaintiffs . . . who believe that grounds exist upon which the Court may properly grant the Request to Seal Documents.").

Accordingly, because the court is uncertain whether the proposed redactions are necessary to protect plaintiffs' alleged trade secrets/confidential business information, the court will require briefing from plaintiffs addressing this issue.  As to each proposed redaction contained within defendants' motion to dismiss, as well as Exhibit B attached thereto, plaintiffs are directed to explain how the redacted material constitutes a trade secret, or else to state other compelling reasons why the material should be shielded from public disclosure.  Alternatively, plaintiffs may conclude that they have no objection to publication of the materials at issue, in which case they should so notify the court.  Plaintiffs' briefing should not exceed ten pages in length, and may be submitted *in camera* if necessary.  Upon receipt of plaintiffs' filing, the court will issue an order addressing defendants' request to seal.

IT IS SO ORDERED.

Dated: __**July 25, 2018**__            _/s/ Dale A. Drozd_
                                                        UNITED STATES DISTRICT JUDGE