| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, doing business as SAN JOAQUIN VALLEY CONCENTRATES; G3 ENTERPRISES, INC., doing business as DELAWARE G3 ENTERPRISES, INC.; and MCD TECHNOLOGIES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>INSTITUUT VOOR LANDBOUW- EN VISSERIJONDERZOEK; EIGEN VERMOGEN VH INSTITUUT VOORLANDBOUW- EN VISSERIJONDERZOEK; FLANDERS' FOOD; and DOES 1-10, <br><br>Defendants. | No. 1:17-cv-00808-DAD-EPG <br><br>ORDER DENYING DEFENDANTS' REQUEST TO SEAL AND STRIKING DEFENDANTS' MOTION TO DISMISS <br><br>(Doc. Nos. 102, 104) |

On July 23, 2018, defendants moved to dismiss the First Amended Complaint. (Doc. No. 104.) That same day, defendants filed a notice of a request to seal, requesting that portions of its motion to dismiss, as well as all of Exhibit B attached thereto, be filed under seal. (Doc. No. 102.) Defendants explained that they filed this notice at the request of plaintiffs, but did not themselves offer any basis upon which to seal the materials. (*Id.* at 2.) Consequently, the court directed plaintiffs to provide briefing as to whether compelling reasons exist that would support the request to seal. (Doc. No. 105.) On July 31, 2018, plaintiffs filed a response to the court's

1

order. (Doc. No. 106.) Having reviewed plaintiff's submission, the court will deny the request to seal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

As stated in the court's prior order, this request to seal is governed by the "compelling reasons" standard, because a motion to dismiss is undoubtedly a dispositive motion. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Having examined plaintiffs' memorandum submitted in response to the court's order, the undersigned concludes that plaintiffs have failed to come forward with "compelling reasons" that would justify the filing of Exhibit B under seal. Plaintiffs are required to demonstrate compelling reasons as to each redaction they seek. Here, by contrast, plaintiffs simply characterize the Asset Purchase Agreement (the "Agreement") as generally containing "confidential business information" without attempting to delineate which portions of the Agreement might fall into that category. (Doc. No. 106 at 4.) "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006); *accord Melendres v. County of Maricopa*, No. CV-07-02513-PHX-GMS, 2014 WL 12768903, at *6 (D. Ariz. Nov. 20, 2014) (rejecting defendants' request to seal because "they have not provided similarly specific explanations to justify the redactions"). The undersigned is not yet persuaded that compelling reasons exist to shield the entire Agreement from public view. The mere existence of the Agreement is not itself a trade secret—plaintiffs themselves acknowledged its existence in their First Amended Complaint. (Doc. No. 98 at ¶ 30.) To the extent discrete parts of the Agreement do contain trade secrets, confidential business information, or other information that would justify the request to seal, Local Rule 140 provides a mechanism by which plaintiffs may seek appropriate redactions in the version appearing on the public docket. *See Mack v. Dearborn Nat'l Life Ins.*, No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to seal because plaintiff "fails to explain why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather than sealed").

Plaintiffs' conclusory assertion that disclosure of any portion of the Asset Purchase Agreement "could lead to unfair harm to Plaintiffs' business and customers" (Doc. No. 106-1 at 3) is likewise inadequate. *See Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408,

at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Dunbar v. Google, Inc.*, No. 12–cv–003305–LHK, 2012 WL 6202719, at *7 (N.D. Cal. Dec. 12, 2012) (denying defendants' request to seal because "Google fails to explain how disclosure of the information in Exhibit A would provide competitors with an 'unfair advantage in designing their own systems'"). If plaintiffs contend that public disclosure of the contents of the Agreement will cause them harm, they are required to provide a factual basis for that assertion.

Because plaintiffs have failed to come forward with compelling reasons that would justify the requested sealing, defendants' request to seal (Doc. No. 102) is denied. The currently scheduled hearing on defendants' motion to dismiss is hereby vacated to be rescheduled when this issue of redaction is resolved. Within fourteen days from the date of service of this order, plaintiffs are directed to submit to the court a proposed redacted version of the Asset Purchase Agreement. As to each redaction sought, plaintiffs are required to explain the legal and factual basis for the proposed redaction in keeping with the legal standards set forth above. Plaintiffs submission must also conform to this court's Local Rules. Following receipt of plaintiffs' submission, the court will issue a ruling on the propriety of each proposed redaction, after which defendants will be permitted to file an amended motion to dismiss with redactions in accordance with the court's order. If plaintiffs fail to timely respond to this order, defendants are authorized to refile their motion to dismiss, and all attachments thereto, in unredacted form on the court's docket.[2]

IT IS SO ORDERED.

Dated: **August 6, 2018**

UNITED STATES DISTRICT JUDGE

---

[2] In addition, if the resulting delay from the determination of the proper scope of redactions in the publicly filed documents, necessitates a modification to the court's scheduling order (Doc. No. 82), defendant's counsel may raise any such concern at the eventual hearing on the motion to dismiss.