UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, doing business as SAN JOAQUIN VALLEY CONCENTRATES; G3 ENTERPRISES, INC., doing business as DELAWARE G3 ENTERPRISES, INC.; and MCD TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INSTITUUT VOOR LANDBOUW- EN VISSERIJONDERZOEK; EIGEN VERMOGEN VH INSTITUUT VOOR LANDBOUW- EN VISSERIJONDERZOEK; FLANDERS' FOOD; and DOES 1-10, <br><br> Defendants. | No. 1:17-cv-00808-DAD-EPG <br><br><br> ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS <br><br> (Doc. No. 108) |

On July 23, 2018, defendants moved to dismiss the First Amended Complaint. (Doc. No. 104.) That same day, defendants filed a notice of a request to seal, requesting that portions of its motion to dismiss, as well as all of Exhibit B attached thereto, be filed under seal. (Doc. No. 102.) Defendants explained that they filed this notice at the request of plaintiffs, but did not themselves offer any basis upon which to seal the materials. (*Id.* at 2.) Consequently, the court directed plaintiffs to provide briefing as to whether compelling reasons exist that would support the request to seal. (Doc. No. 105.) On July 31, 2018, plaintiffs filed a response to the court's

1

order. (Doc. No. 106.) On August 7, 2018, the court denied that request to seal after finding that plaintiffs had not provided compelling reasons justifying the request. On August 20, 2018, plaintiffs filed a notice of request to seal, seeking redactions to specific portions of the 2012 Asset Purchase Agreement (the "Agreement"). Having reviewed plaintiffs' request, as well as the materials submitted *in camera*, plaintiffs' request will be granted.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The

3

'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

In their request, plaintiffs request that portions of the 2012 Asset Purchase Agreement be redacted. (*See* Doc. No. 108 at 3–4.) Plaintiffs state that the redaction requests fall into the following categories: confidential business information, personally identifiable information, and trade secrets. (*Id.*) In addition to their request, plaintiffs filed both redacted and unredacted copies of its exhibits with proposed redacted exhibits, as well as a declaration from Sanjeet Dutta, counsel of record for plaintiffs. The court has reviewed the requested redactions and addresses the general categories of information subject to requested redactions below.

**A.     Confidential Business Information**

Plaintiffs first seek to redact confidential business information, and specifically price lists for their products, explaining that release of these price lists could impact plaintiffs' customer relationships and provide an unfair advantage to competitors. The court agrees that compelling reasons exist to redact this material. *See Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, No. 1:17-cv-01056-DAD-BAM, 2018 WL 432654, at *3 (E.D. Cal. Jan. 16, 2018) (granting plaintiff's request to seal the rates that it charges its customers); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08–CV–403–FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (noting compelling reasons to seal "confidential information such as plaintiff's pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information"). Plaintiffs' request to redact the Agreement with respect to confidential business information will be granted.

**B.     Personally Identifiable Information**

Next, plaintiffs seek to redact personally identifiable information contained within the name of the Agreement. This information generally consists of the names and addresses of plaintiffs' employees, as well as those of third parties. "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*

*v. Oracle Corp.*, No. C01-00988, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz*, 331 F.3d at 1134; *Kamakana*, 447 F.3d at 1184). Having examined the information plaintiffs seek to redact, the court finds that the public interest in disclosure of the information is limited. Accordingly, redaction of that information from the Agreement is found to be appropriate.

**C.    Trade Secrets**

Finally, plaintiffs seek to redact customer lists contained within the Agreement, contending that these lists constitute trade secrets. The potential release of trade secrets can constitute a compelling basis to seal or redact a document. *Kamakana*, 447 F.3d at 1179. In addition, multiple courts have recognized that a customer list can constitute a trade secret, because "its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015); *accord Roadrunner Intermodal Servs., LLC*, 2018 WL 432654, at *3. Based upon the showing contained in plaintiffs' submissions, the court finds that there is a compelling reason to permit the requested redactions.[2] Plaintiffs' request to redact those portions of the Agreement will therefore be granted.

**CONCLUSION**

For these reasons,

1. Plaintiffs' request to seal (Doc. No. 108) is granted; and
2. Within fourteen days after service of this order, defendants are permitted to file a motion to dismiss, and any exhibits thereto, in accordance with this order.

IT IS SO ORDERED.

Dated:    **August 24, 2018**              /s/ Dale A. Drozd
                                            UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the court makes no finding as to whether the materials contained within the Agreement are in fact trade secrets as a matter of law. However, the court does find that the potential misuse of the customer lists could prejudice plaintiffs, and that this potential outweighs the general public's interest in understanding the judicial process.

5