| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, doing business as SAN JOAQUIN VALLEY CONCENTRATES; G3 ENTERPRISES, INC., doing business as DELAWARE G3 ENTERPRISES, INC.; and MCD TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INSTITUUT VOOR LANDBOUW-EN VISSERIJONDERZOEK; EIGEN VERMOGEN VH INSTITUUT VOOR LANDBOUW-EN VISSERIJONDERZOEK; FLANDERS' FOOD; and DOES 1-10, <br><br> Defendants. | No. 1:17-cv-00808-DAD-EPG <br><br><br> ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS <br><br> (Doc. Nos. 113, 114) |

On October 2, 2018, plaintiffs filed a request to seal documents. (Doc. No. 113.) Therein, plaintiffs requested that portions of their opposition to the pending motion to dismiss be filed under seal. Simultaneously, plaintiffs filed their opposition, including redacted versions of the exhibits they sought to have sealed. (*See* Doc. No. 114.) The hearing on the pending motion to dismiss remains scheduled for October 16, 2018. (Doc. No. 111.)

/////

/////

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

> reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

/////

/////

3

## DISCUSSION

As explained in a prior order granting a previous request to seal (Doc. No. 108), this request will be evaluated under the "compelling reason" standard because the motion to dismiss is dispositive in that it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1102. Applying that standard, the court concludes that plaintiffs' request to seal should be granted.[2] Plaintiffs first seek to redact a small portion of Exhibit 1 to their opposition, specifically the mailing address and email address of Domien De Paepe, an individual employed by defendants. Significant privacy concerns militate in favor of redacting this information. *See Kamakana*, 447 F.3d at 1179 (affirming magistrate judge's ruling that home addresses and social security numbers met the "compelling reason" standard). In addition, plaintiffs seek to seal Exhibit 2 to their opposition in its entirety. According to a declaration submitted by plaintiffs' counsel Sanjeet Dutta, Exhibit 2 is a customer list, the disclosure of which could lead to unfair harm to plaintiffs' businesses. The undersigned has previously recognized that compelling reasons exist to seal such lists. *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No. 1:17-cv-01056-DAD-BAM, 2018 WL 432654, at *3 (E.D. Cal. Jan. 16, 2018). Accordingly, Exhibit 2 will be ordered filed under seal in its entirety.

## CONCLUSION

For the reasons set forth above, the court grants plaintiffs' request to seal. (Doc. No. 113.) The redacted versions of Exhibits 1 and 2 attached to plaintiffs' opposition (Doc. Nos. 114-2, 114-3) shall remain on the court's docket.

IT IS SO ORDERED.

Dated: __October 11, 2018__    _____
UNITED STATES DISTRICT JUDGE

---

[2] Although the court will grant plaintiffs' request, the court notes that plaintiffs did not comply with Local Rule 141. Without first obtaining leave of court, plaintiffs filed redacted versions of the documents on the public docket. (Doc. Nos. 114-2, 114-3.) Subject to exceptions not relevant here, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a). In all other circumstances, "[n]o other redactions are permitted unless the Court has authorized the redaction." L.R. 141(b). Failure to adhere to the Local Rules may result in future requests being stricken.

4